**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES TALBERT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| OFFICER MCFADDEN, et al., | : | NO. 14-5480 |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

STENGEL, J.                                                                         April 18, 2017

## I.      INTRODUCTION

*Pro se* plaintiff, Charles Talbert, filed this action against the City of Philadelphia in which he claims he was assaulted by two Philadelphia police officers. The City filed a motion to dismiss plaintiff's amended complaint. I will grant the motion to dismiss.

## II.     BACKGROUND

On July 28, 2014, the plaintiff was at the corner of 11th and Cambridge Street in Philadelphia. (Doc. No. 36 ¶ 6). This location was one block away from plaintiff's ex-girlfriend's house. (Id. ¶ 7). At that time, plaintiff's ex-girlfriend had a restraining order against plaintiff. (Id.).[1]

While plaintiff was standing at the street corner, Officer Ortiz drove up to plaintiff. (Id.). Plaintiff claims he "waved [Officer Ortiz] down to fully explain to him his purpose for waiting there due to his ex-girlfriend having a restraining order on him who

---

[1] It is unclear whether plaintiff's ex-girlfriend still has a restraining order against plaintiff.

lived only a block away." (Id.). While plaintiff was talking with Officer Ortiz, another Philadelphia police officer, Officer McFadden, arrived at the scene. (Id. ¶ 8).

Plaintiff claims Officer McFadden approached him from behind, grabbed his cane, and handcuffed plaintiff. (Id. ¶ 9). Plaintiff also claims Officer McFadden punched him in the jaw and Officer Ortiz joined in and hit him. (Id. ¶¶ 9–10). Plaintiff yelled "police brutality" and people came out from their houses to see what was happening. (Id. ¶ 11).

An ambulance arrived on the scene and transported plaintiff to Saint Joseph's Hospital where he was admitted and stayed for several days. (Id. ¶ 12). Plaintiff had blood in his colostomy bag. (Id.).

## III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Ctr., 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Courts construe a plaintiff's allegations liberally when he or she is proceeding *pro se*. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## IV. DISCUSSION

The City moves to dismiss plaintiff's amended complaint on two grounds: (1) the amended complaint fails to allege facts regarding the City, and (2) there are no allegations regarding a custom or policy. Plaintiff did not file a response to the motion to dismiss.

In <u>Monell v. Department of Social Services</u>, the U.S. Supreme Court announced that municipal liability arises under 42 U.S.C. § 1983 where the municipality implements or enforces "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" an authorized decisionmaker of that municipality. 436 U.S. 658, 690 (1978). A plaintiff asserting that a municipality violated their constitutional rights under <u>Monell</u> may proceed along a "two-path track . . . depending on whether the allegation is based on municipal policy or custom." <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996). A "policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." <u>Cummings v. City of Chester, Arthur Grenier</u>, Civ. A. No. 15-4504, 2016 WL 304790, *3 (E.D. Pa. Jan. 26, 2016) (citing <u>Mulholland v. County of Berks</u>, 706 F.3d 227, 237 (3d Cir. 2013)). A municipal custom, on the other hand, "lacks the formal approval of a municipal policy," but consists of "such practices of state officials. . . .[as are] so permanent and well settled as to constitute a 'custom or usage' with the force of law." <u>Glass v. City of Phila.</u>, 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (<u>citing Monell</u>, 436 U.S. at 691).

Under either track to municipal liability, by custom or policy, the plaintiff has the burden of showing that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted). Ultimately, a plaintiff seeking to plead a Monell claim must: "(1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury." Blasi v. Borough of Pen Argyl, Civ. A. No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (citing Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

For a complaint to survive a motion to dismiss in this context, it must identify "conduct by a municipal decisonmaker." McTernan v. City of York, 564 F.3d 636, 658–59 (3d Cir. 2009). Allegations that do not connect a municipal policymaker or decisionmaker "to the custom at issue" do not meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2). Davis v. City of Phila., Civ. Action No. 05–4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (citing Twombly, 550 U.S. at 555).

Plaintiff's amended complaint fails to sufficiently allege a custom or policy promulgated by any City decisionmaker or policymaker. Plaintiff's single allegation against the City is: "The City has implemented and maintained practices of allowing their police officers to unreasonably assault residents of Philadelphia." (Doc. No. 36 ¶ 13). There is no factual detail describing this alleged custom. There is no factual description

of how this alleged custom is connected to plaintiff's case. Nor does the amended complaint identify any person in the City responsible for this alleged custom (*i.e.* a decisionmaker or policymaker). Such barebones allegations do not suffice to impose municipal liability. See, e.g., Wood v. Williams, 568 F. App'x 100, 103–06 (3d Cir. 2014); Thomas v. City of Chester, Civ. A. No. 15–3955, 2016 WL 1106900, at *3–4 (E.D. Pa. Mar. 21, 2016).

## V.     CONCLUSION

For all the above reasons, I will grant the motion to dismiss plaintiff's claims against the City of Philadelphia.